UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JERI KOLLOCK, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:14-cv-369 (VAB) |
| | : | |
| LT. TORRES, et al., | : | |
| Defendants. | : | |

RULING ON DEFENDANTS' MOTION TO DISMISS [Doc. #22]
AND PLAINTIFF'S MOTIONS TO AMEND [Doc. #29] AND COMPEL [Doc. #32]

Plaintiff, Jeri Kollock, who is incarcerated and proceeding *pro se*, has filed a second amended complaint under 42 U.S.C. § 1983 against defendants Lt. Torres, Captain Colon, and Correctional Officers Ryan and Ramos.  He alleges that he was sexually abused by defendant Ryan and that defendants Torres, Colon, and Ramos were aware of and attempted to conceal the sexual relationship.[1] The defendants have moved to dismiss the second amended complaint.  In addition to opposing the motion, the plaintiff has filed a motion to compel and seeks leave to file a third amended complaint.  For the reasons that follow, the defendants' motion is granted in part, the plaintiff's motion to amend is granted and the plaintiff's motion to compel is denied without prejudice.

I.    Standard of Review

When considering a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts as true all factual allegations in the complaint and draws inferences from

---

[1] The Court considers Doc. No. 15 to be both a motion for leave to amend and the second amended complaint.

these allegations in the light most favorable to the plaintiff.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236

(1974); *Flores v. Southern Peru Copper Corp.*, 343 F.3d 140, 143 (2d Cir. 2003).  The court considers

not whether the plaintiff ultimately will prevail, but whether he has stated a claim upon which relief may

be granted so that he should be entitled to offer evidence to support his claim.  *See York v. Association of

Bar of City of New York*, 286 F.3d 122, 125 (2d Cir.), *cert. denied*, 537 U.S. 1089 (2002).

In reviewing the complaint in response to a motion to dismiss, the court applies "a 'plausibility

standard,' which is guided by two working principles."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, the requirement that the court accept as true the allegations in the complaint "'is inapplicable to

legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice.'"  *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*,

556 U.S. at 678).  Second, to survive a motion to dismiss, the complaint must state a plausible claim for

relief.  Determining whether the complaint states a plausible claim for relief is "'a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense.'"  *Id.* (quoting

*Iqbal*, 556 U.S. at 679).  Even under this standard, however, the court liberally construes a *pro se*

complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Boykin v. KeyCorp*, 521 F.3d

202, 213-14, 216 (2d Cir. 2008).

II.    Facts

As alleged by the plaintiff, Defendant Ryan initiated a relationship with him.  Over a period of

months, they exchanged letters and met secretly.  The relationship progressed from letters to kissing and

caressing.  Ultimately, the couple allegedly engaged in intercourse in a closet.

Defendant Ramos learned of the relationship and, along with defendants Torres and Colon,

attempted to cover it up, according to the plaintiff.  The plaintiff was placed in the same area as another

inmate who knew of the relationship.  The other inmate assaulted the plaintiff with a weapon.  The

plaintiff was not permitted to contact the state police to report the relationship with defendant Ryan or the assault by the other inmate.

III.    Discussion

Defendants move to dismiss the second amended complaint on six grounds:  (1) all claims for monetary damages against the defendants in their official capacities are barred by the Eleventh Amendment; (2) service has not been effected on defendants Ramos and Ryan; (3) the plaintiff fails to allege a constitutional violation; (4) the plaintiff has no constitutional right to an investigation; (5) the plaintiff's allegations of a cover-up are conclusory; and (6) the defendants are protected by qualified immunity.  In response to the motion to dismiss, the plaintiff seeks leave to file a third amended complaint.

A.    Eleventh Amendment

Defendants contend that the Eleventh Amendment bars an award of damages against them in their official capacities.  The Eleventh Amendment divests the court of subject matter jurisdiction over any claims for monetary damages against a state actor acting in his official capacity unless the state has waived this immunity or Congress has enacted a valid override.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  Section 1983 does not abrogate state sovereign immunity.  *See Quern v. Jordan*, 440 U.S. 332, 341-45 (1979).

The plaintiff has named the defendants in both individual and official capacities.  In opposition to the motion to dismiss, the plaintiff states only that he may recover damages from the defendants in their individual capacities.  The Court infers from this statement that the plaintiff does not oppose dismissal of any official capacity damages claims.  The defendants' motion to dismiss is granted as to all claims for damages against the defendants in their official capacities.

B.      Insufficient Service of Process

Defendants move to dismiss the claims against defendants Ryan and Ramos because service had not been effected on either defendant at the time the motion to dismiss was filed.  Since that date, defendant Ramos has returned a signed waiver of service of summons form and has appeared in this action.  *See* Doc. Nos. 36, 38.  Accordingly, the motion to dismiss for insufficient service is denied as to defendant Ramos.

The plaintiff originally named defendant Ryan as Sarah Millich.  He changed her name to Sarah Ryan in the second amended complaint.  When the Court contacted the Department of Correction to ascertain a service address, the Department of Correction Office of Legal Affairs informed the Court that no person named Sarah Millich or Sarah Ryan was employed by the Department of Correction. Accordingly, on November 5, 2014, the Court, Arterton, D.J., ordered the plaintiff to provide a service address for this defendant and informed him that failure to provide a service address within twenty days would result in the dismissal of all claims against defendant Ryan.

In response to this order, the plaintiff filed a motion to compel asking the Court to order the Department of Correction to produce defendant Ryan's home address.[2]  The motion was sent to the Office of the Attorney General only, but not served on the individual counsel of record.  Motions to compel are governed by Rule 37 of the Federal Rule of Civil Procedure and District of Connecticut Local Civil Rule 37.  The local rule requires that, before filing a motion to compel, the moving party must confer with opposing counsel in a good faith effort to resolve the dispute.  The purpose of this rule

---

[2] The apparently unrelated document enclosed with the motion to compel, "Plaintiff's First Request for Productions of Documents," is a discovery request that is not properly before the Court and will thus be disregarded at this time.  Discovery documents should only be filed with the court when a party is seeking relief related to those documents.  *See* L. Civ. R. 5(f)(1). This document is not referenced in the motion to compel, and appears to be an independent discovery request served on defendants.

is to encourage the parties to resolve discovery disputes without court intervention.  *See Hanton v. Price*, No. 3:04-cv-473, 2006 WL 581204, at *1 (D. Conn. Mar. 8, 2006).  In addition, Local Rule 37(b)1 requires the moving party to attach the discovery requests as exhibits.

The plaintiff's motion to compel is not a proper response to the Court's order.  He has not attached a copy of his discovery request seeking service information regarding defendant Ryan and fails to indicate that he attempted in good faith to resolve this matter with defendants' counsel.  Rather, he did not even serve a copy of this motion on opposing counsel.  Accordingly, the plaintiff's motion to compel is denied.

The defendants address the request for defendant Ryan's home address and refer the Court to state statutes and case law prohibiting disclosure of home addresses of any employees of the Department of Correction under the Freedom of Information Act.  The Court notes that counsel has appeared on behalf of defendant Ryan in her official capacity.  *See* Doc. No. 16 (including defendant Millich).  The Court also is aware that, in other cases, the Department of Correction Office of Legal Affairs has forwarded requests for waiver of service of summons to retired correctional officials rather than provide their home addresses.

In light of this past practice and the fact that counsel represents defendant Ryan in her official capacity, the Court instructs counsel to contact defendant Ryan and attempt to obtain a signed waiver of service of summons form.  Counsel shall file a response within thirty days from the date of this order.  If counsel cannot file a signed waiver form, he shall provide the Court defendant Ryan's home address so that the U.S. Marshal Service can serve the second amended complaint.

C.     Failure to State a Cognizable Claim

In their third, fourth, and fifth grounds for dismissal, the defendants contend that the plaintiff fails to state a cognizable claim because a consensual sexual relationship between an inmate and guard

does not violate the constitution, there is no constitutionally protected right to an investigation and the allegations that defendants Torres, Ramos, and Colon covered-up the incident are conclusory.

        1.   <u>Consensual Relationship</u>

Defendants argue that an Eighth Amendment claim for sexual harassment cannot be based on a consensual relationship between an inmate and correctional officer and refer the court to *Freitas v. Ault*, 109 F.3d 1335, 1339 (8th Cir. 1997).  At this stage of the proceedings, this argument is not a sufficient basis for this case's dismissal.

"A sexual relationship between an inmate and a guard may rise to the level of harm required for an Eighth Amendment claim.  Sex and coercive relationships are complicated and the level of harm—or lack thereof—will depend on the facts of a given case."  *Chao v. Ballista*, 806 F. Supp. 2d 358, 374 (D. Mass. 2011) (internal quotation marks and citation omitted).  Whether sexual abuse rises to the level of "unnecessary and wanton infliction of pain" will depend on the circumstances of the particular case. *Boddie v. Schnieder*, 105 F.3d 857, 861-62 (2d Cir. 1997).  "To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind."  *Freitas*, 109 F.3d at 1338.  The Ninth Circuit has recommended that the courts apply a presumption that the challenged conduct was not consensual.  *See Wood v. Beauclair*, 692 F.3d 1041, 1046-49 (9th Cir. 2012) (noting circuit split).

The defendants contend that the relationship was consensual based on the allegations in the complaint.  The reported cases, however, do not make this determination until after the evidence has been considered.  *See*, *e.g.*, *Morgan v. Glen*, No. 6:12-cv-06098, 2014 WL 470745 *5 (W.D. Ark. Feb. 6, 2014) (denying summary judgment and finding issues of fact as to whether encounters were welcome and voluntary and therefore not pain within meaning of Eighth Amendment); *Chao*, 806 F. Supp. 2d 358

(consideration of motion for judgment as a matter of law filed after trial); *Fisher v. Goord*, 981 F. Supp. 140, 174 (W.D.N.Y. 1997) (determination that consensual relationship fails to state Eighth Amendment claim; analysis made after hearing evidence in support of motion for preliminary injunction).

In this case, the plaintiff could present evidence that the relationship was not consensual. Accordingly, the defendants' motion to dismiss this claim is denied without prejudice to renewal on summary judgment.

2.     Investigation

Defendants next argue that the plaintiff has no constitutional right to have defendant Ryan investigated or prosecuted for her actions.  Any claim for failure to investigate was dismissed in the Initial Review Order.  The court allowed only the claim for interference with his attempts to report the incident to proceed.  *See* Doc. No. 7, at 4-5.  The claim included in the second amended complaint alleges interference with the plaintiff's attempts to report the sexual and physical assaults to the state police.  The defendants do not address this claim in their motion.  The defendants' motion to dismiss is denied as moot as it applies to any claim for failure to conduct an investigation.

3.     Conclusory Allegations

Defendants move to dismiss the claim of a cover-up on the ground that the allegations are conclusory.  In response, the plaintiff seeks leave to file a third amended complaint to include more detailed allegations regarding this claim.  The plaintiff's motion is granted.  In light of this order, the defendants' motion to dismiss is denied without prejudice on this ground.

The plaintiff is directed to file a proper third amended complaint within twenty days from the date of this order.  The amended complaint shall include all claims against defendants Ryan, Colon, Torres, and Ramos that the plaintiff is pursuing in this action.  The Clerk is directed to send the plaintiff

an amended complaint form with this order.  The plaintiff is cautioned that the court will consider the additional allegations referenced in the motion only if they are included in a proper amended complaint.

     D.    <u>Qualified Immunity</u>

Defendants next contend that they are protected from suit for damages by qualified immunity. Federal and state officials are protected by qualified immunity unless the "plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, ___ U.S. ___, 131 S. Ct. 2074, 2080 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Id.*, at 2083 (citation and internal quotation marks omitted).  Although a case directly on-point is not required, the existing case law "must have placed the statutory or constitutional right beyond debate." *Id.*  If the government official's conduct did not violate a clearly established right, or if that official reasonably believed that his conduct did not violate the right, then he is shielded from suit for damages by qualified immunity. *See Sudler v. City of New York*, 689 F.3d 159, 174 (2d Cir. 2012).

Defendants Ramos, Colon, and Torres construe the complaint to allege that they knew that there was an alleged sexual relationship between the plaintiff and defendant Ryan.  They contend that they would not understand that they were violating the plaintiff's rights by conducting an investigation that revealed no corroborating evidence.  The plaintiff, however, does not allege that the defendants conducted an investigation.  Rather, he alleges that they prevented him from reporting the incident to the state police, and were responsible for him being alone with the inmate who had reported the incident to them and that this other inmate assaulted him with a weapon.  Assuming the plaintiff's allegations are true, as the court must when reviewing a motion to dismiss, the Court concludes that a reasonable

correctional officer should understand that interfering with an inmate's attempts to report a crime and exposing him to assault by another inmate would violate his constitutional rights.  *See*, *e.g.*, *Franco v. Kelly*, 854 F.2d 584, 590 (2d Cir. 1988) (prison officials may not retaliate against inmates for exercising their constitutional rights); *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (prison officials have a duty to protect inmates from violence at the hands of other inmates); *Estate of Morris v. Dapolito*, 297 F. Supp. 2d 680, 692 (S.D.N.Y. 2004) (reporting crime to law enforcement is exercise of First Amendment right to petition government for redress of grievances).  Accordingly, the defendants' motion to dismiss on qualified immunity grounds is denied without prejudice to renewal on summary judgment after the facts have been developed.

IV.     Conclusion

The defendants' motion to dismiss [**Doc. No. 22**] is **GRANTED** as to the claims for damages against the defendants in their official capacity.  The motion is **DENIED** in all other respects.

The plaintiff's motion to compel [**Doc. No. 32**] is **DENIED**.  Counsel is instructed to contact defendant Ryan and attempt to obtain a signed waiver of service of summons form.  Within **thirty (30) days** from the date of this order, counsel shall file either a waiver form signed by defendant Ryan or an address at which service may be made upon her by the U.S. Marshal Service.

The plaintiff's motion to amend [**Doc. No. 29**] is **GRANTED**.  The plaintiff is directed to file a proper third amended complaint on the form provided by the court within twenty days from the date of this order.  The amended complaint shall list all four defendants in the case caption and include all remaining claims that the plaintiff is pursuing in this action.  The Clerk is directed to send the plaintiff an amended complaint form with this order.

In the motion for leave to file the second amended complaint, the plaintiff withdrew all claims against defendant Captain Kelly.  *See* Doc. No. 15, at 1.  The Clerk is directed to terminate Captain Kelly as a defendant.

**SO ORDERED** at Bridgeport, Connecticut, this 2nd day of April, 2015.


  /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge